FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA 2014 NOV -7 A 9:56

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| | ) | Criminal No. 1:12 CR 358 |
| v. | ) | |
| | ) | |
| Jose Abad Heredia Prado, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF FILING

The United States of America, by and through its counsel, Dana J. Boente, United States

Attorney for the Eastern District of Virginia, Lynn E. Haaland, Assistant United States

Attorneys, hereby notifies the Court and counsel for the defendant of the government's filing of

the attached translated Colombian Time Served and Delivery documents and Certificate of

Translation.  The extradition agreement between the United States and the Republic of Colombia

requires the filing of these documents.

Respectfully submitted,
Dana J. Boente
United States Attorney

By: _____

Lynn E. Haaland
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

[logo]                    **REPUBLIC OF COLOMBIA**
                       **MINISTRY OF FOREIGN AFFAIRS**

**DIAJI No. 1381**

      The Ministry of Foreign Affairs, Department of International Legal Affairs, presents its compliments to the Honorable Embassy of the United States of America and forwards a copy of Note OFI14-0014672-OAI-1100, dated June 27, 2014, from the Ministry of Justice and Law, attached to which is Executive Decision No. 337, dated December 4, 2013, which was confirmed by Executive Decision No. 122, dated May 13, 2014, whereby the National Government granted the extradition of Mr. **JOSÉ ABAD HEREDIA PRADO.**

      In this regard, the aforementioned Executive Decision No. 337, dated December 4, 2013, resolves:

      *"**ARTICLE ONE:** To grant the extradition of Colombian citizen **JOSÉ ABAD HEREDIA PRADO**, identified by National Identity Card No. 71,973,537, so that he may stand trial before the authorities of the United States of America for the following charges:*

      ***Count One:*** *Conspiracy to distribute five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States; and*

      ***Count Two:*** *Distributing five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States, and aiding and abetting that crime.*

TO THE HONORABLE
**EMBASSY OF THE UNITED STATES
OF AMERICA**
In this city

| [stamp:] |
|---|
| Received on |
| **8 JUL. 2014** |
| [illegible] |
| Copy to: [illegible] |
| Doj/L/LEI |

[signature]

[logo]                      **REPUBLIC OF COLOMBIA**
                         **MINISTRY OF FOREIGN AFFAIRS**

*The foregoing charges are set forth in charging document No. 1:12-cr-358 issued on August 9, 2012, in the United States District Court for the Eastern District of Virginia.*

*ARTICLE TWO: Not to delay the delivery of this subject pursuant to that set out in the whereas clauses of this decision.*

*ARTICLE THREE: To order the delivery of citizen JOSÉ ABAD HEREDIA PRADO to the requesting State, with the commitment of said State to satisfy the conditions established in the second paragraph of Article 494 of Law 906 of 2004, i.e., that the requested person not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishments, or to the penalties of exile, life in prison, or confiscation.*

[...]"

Therefore, and bearing in mind the letter from the Ministry of Justice and Law, of which I am attaching a copy, and pursuant to the orders in the aforementioned decisions, the United States of America is asked to provide the requested guarantee, in accordance with paragraph 2 of Article 494 of Law 906 of 2004, in compliance with the Full Court decision of the Honorable Constitutional Court, Judgment C-1106 dated August 24, 2000, which indicated that:

"[...] *the delivery of a person in extradition to the requesting State, when said State has the death penalty for the crime leading to it, shall only be carried out under the condition that the sentence be commuted, as provided for there, and likewise, also under the condition that the extradited person not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishments, or to the penalties of exile, life in prison,*

[signature]

[logo]          **REPUBLIC OF COLOMBIA**
                **MINISTRY OF FOREIGN AFFAIRS**

> *or confiscation pursuant to Articles 11, 12, and 34 of the Political Constitution*
> [...]"

The Ministry of Foreign Affairs, Department of International Legal Affairs, takes this opportunity to assure the Honorable Embassy of the United States of America of its highest esteem and consideration.

Bogota, D.C., July 7, 2014
[signature]

[logo]
REPUBLIC OF COLOMBIA    **PROSPERITY**
Ministry of Justice    **FOR ALL**                    Reference this number when replying:
Ministry of Justice and Law                          OFI14-0014672-OAI-1100

Bogota, D.C., Friday, June 27, 2014

Ms.
MARÍA ANGELA HOLGUÍN CUELLAR
Minister of Foreign Affairs
Carrera 5 No. 9-03
Bogota

Re: **Extradition proceeding for José Abad Heredia Prado**

Dear Minister:

I respectfully inform you that the National Government, through Executive Decision No. 337 dated December 4, 2013, confirmed by Executive Decision No. 122 dated May 13, 2014, granted the extradition of the above-referenced citizen as follows:

> *"**ARTICLE ONE:** To grant the extradition of Colombian citizen **JOSÉ ABAD HEREDIA PRADO**, identified by National Identity Card No. 71,973,537, so that he may stand trial before the authorities of the United States of America for the following charges:*
>
> *__Count One:__ Conspiracy to distribute five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States; and*
>
> *__Count Two:__ Distributing five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States, and aiding and abetting that crime.*
>
> *The foregoing charges are set forth in charging document No. 1:12-cr-358 issued on August 9, 2012, in the United States District Court for the Eastern District of Virginia.*
>
> *__ARTICLE TWO:__ Not to delay the delivery of this subject pursuant to that set out in the whereas clauses of this decision.*

[stamp:] DIAJI [Department of International Legal Affairs], MINISTRY OF FOREIGN AFFAIRS, COL.
**Cra 9 No 12C-10 Bogota, Colombia**
Tel.: (57) (1) 4443100
www.minjusticia.gov.co
[stamp:] 00558 2 JUL 2014 14:33

[logo]
REPUBLIC OF COLOMBIA      **PROSPERITY**
    Ministry of Justice            **FOR ALL**
Ministry of Justice and Law

> *ARTICLE THREE: To order the delivery of citizen JOSÉ ABAD HEREDIA PRADO to the requesting State, with the commitment of said State to satisfy the conditions established in the second paragraph of Article 494 of Law 906 of 2004, i.e., that the requested person not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishments, or to the penalties of exile, life in prison, or confiscation.*

> *ARTICLE FOUR: To notify the requesting State that the extradited person shall not be able to be tried or sentenced for an act previous to or different than the one that led to this extradition, pursuant to the first paragraph of Article 494 of Law 906 of 2004..."*

Pursuant to the above, I am respectfully forwarding copies of the referenced administrative decisions to you, in order that by those means the requesting country may offer the guarantee to which the second paragraph of Article 494 of Law 906 of 2004 refers.

Sincerely,

[signature]
NATALIA ALEJANDRA MUÑOZ LABAJOS
Chief, Office of International Affairs

The aforementioned are enclosed.

Prepared by: Extradition Department [3] (NIE - 14-1293)

**Cra 9 No 12C-10 Bogota, Colombia**
Tel.: (57) (1) 4443100
www.minjusticia.gov.co

REPUBLIC OF COLOMBIA
[logo]
MINISTRY OF JUSTICE AND LAW

DECISION NUMBER 337 OF

**DECEMBER 4, 2013**

Whereby a request for extradition is decided

**THE MINISTER OF THE INTERIOR OF THE REPUBLIC OF COLOMBIA,**
Delegatee of presidential duties pursuant to Decree 2773 of November 29, 2013, in exercise of
the authority conferred upon him by Article 491 of Law 906 of 2004, and

**WHEREAS:**

1.      Through Note Verbale No. 1053 of June 12, 2013, the Government of the United States
of America, via its Embassy in Colombia, requested the provisional arrest, for the purpose of
extradition, of Colombian citizen **JOSÉ ABAD HEREDIA PRADO,** summoned to stand trial
for federal drug crimes.

2.      In view of that request, the Prosecutor General, via Decision dated June 14, 2013, ordered
the arrest for the purpose of extradition of citizen **JOSÉ ABAD HEREDIA PRADO,** identified
by National Identity Card No. 71,973,537, which was carried out on June 21, 2013, by members
of the National Police.

3.      Through Note Verbale No. 1686 of August 15, 2013, the Embassy of the United States of
America in our country formalized the request for extradition of citizen **JOSÉ ABAD
HEREDIA PRADO.**

That Note communicated the following:

  *"José Abad Heredia Prado is requested in order to stand trial for federal drug crimes.
He is the subject of charging document No. 1:12-cr-358 issued on August 9, 2012, in the United
States District Court for the Eastern District of Virginia, in which he is accused of:*

*-- Count One: Conspiracy to distribute five or more kilograms of a controlled substance
(cocaine), with the knowledge and intent that said substance would be imported to the United
States, in*

DECISION NUMBER **337**          OF

<u>Page 2 of the Decision whereby a request for extradition is decided</u>

*violation of Title 21, Section 959(a) of the United States Code, in violation of Title 21, Sections 963, 960(a)(3), and 960(b)(1)(B)(ii) of the United States Code; and*

*-- Count Two: Distributing five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States, and aiding and abetting that crime, in violation of Title 21, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii) of the United States Code, and Title 18, Section 2 of the United States Code.*

*An arrest warrant for José Abad Heredia Prado for these charges was issued on April 24, 2013, by order of the aforementioned court. That arrest warrant remains valid and enforceable.*

*(...)*

*The period of time in which the crime of conspiracy was committed, and which is described in the charging document, covers from April 2012 to the date of the charging document, August 9, 2012. All criminal activities and acts related to this case took place after December 17, 1997...."*

4.      After the request for extradition of citizen **JOSÉ ABAD HEREDIA PRADO** was formalized, the Ministry of Foreign Affairs, through the Department of International Legal Affairs, via official letter DIAJI/GCE No. 1776 dated August 16, 2013, indicated that *"the 'United Nations Convention against Illicit Traffic in Narcotic Drugs and Psychotropic Substances,' entered into in Vienna on December 20, 1988, is in effect between the Republic of Colombia and the United States of America."*[1] Notwithstanding the foregoing, Article 6, numbers 4 and 5 of the aforementioned instrument state as follows:

*"[...]*

*"Article 6*

                              *Extradition*

---

[1] Article 3, number 1, letter a.

DECISION NUMBER **337** OF

<u>Page 3 of the Decision whereby a request for extradition is decided</u>

*4.   Parties that do not make extradition conditional on the existence of a treaty shall recognize the offences to which to this article applies as extraditable offences between themselves.*

*5.   **Extradition shall be subject to the conditions provided for by the law of the requested Party** or by applicable extradition treaties, including the grounds upon which the requested Party may refuse extradition.*

*[...]" (Highlighting added)*

*"Pursuant to the foregoing, considering that the applicable treaty between the parties does not regulate the extradition process, and in view of the provisions in Articles 491 and 496 of Law 906 of 2004, the extradition will be governed by the Colombian legal system...."*

5.   The extradition file of citizen **JOSÉ ABAD HEREDIA PRADO** thus perfected, the Ministry of Justice and Law, though official letter No. OFI13-0021388-OAI-1100 of August 22, 2013, forwarded it to the Criminal Cassation Court of the Honorable Supreme Court of Justice for the corresponding purposes.

6.   The Criminal Cassation Court of the Honorable Supreme Court of Justice, in a ruling of November 13, 2013, having found the requirements of the rules applicable to the case satisfied, issued a favorable opinion on the extradition of citizen **JOSÉ ABAD HEREDIA PRADO**.

In this regard, the Court stated:

### *"FINAL CLARIFICATIONS*

*1. Article 35 of the Political Constitution, amended by Article 1 of Legislative Act 01 of 1997, authorizes the extradition of Colombian nationals for conduct considered criminal in this country's legislation, when it has been committed abroad.*

*"The constitutional mandate exempts political crimes and those acts committed before December 17, 1997. None of those situations apply in the case at hand, as the drug trafficking charged does not*

DECISION NUMBER 337                    OF

Page 4 of the Decision whereby a request for extradition is decided

have political connotations, the acts took place in United States territory, and they were committed years after that cutoff date.

"2. If the National Government agrees to hand over the requested person, the delivery must be conditioned such that the person will not be tried or punished for acts other than those listed in the request. Nor shall he be subject to cruel, inhumane, or degrading treatment or punishments, or sentenced to life in prison. If the foreign legislation permits the imposition of the death penalty, its commutation must be required pursuant to Article 494 of Law 906 of 2004.

"3. For delivery to take place, the National Government must also require the requesting country, in accordance with its domestic policies on the subject, to offer reasonable and real possibilities for the requested party to have regular contact with his closest family members. Finally, the time that the citizen was in custody for processing must be recognized as time served with regard to the possible sentence imposed.

"4. Likewise, the Government, headed by the President of the Republic, as supreme director of foreign policy and international affairs, is asked to perform the appropriate follow-up regarding the conditions imposed with the granting of extradition and determine the consequences that would arise from potential noncompliance, pursuant to number 2 of Article 189 of the Political Constitution.

"6. (sic) Should **José Abad Heredia Prado** be acquitted or declared not guilty of the charges that led to his extradition and be released, the requesting State must assume the transportation and per diem expenses for the extradited person's return to his birth country.

"In view of the foregoing considerations, the **Criminal Cassation Court of the Supreme Court of Justice,**

"**ISSUES A FAVORABLE OPINION** with regard to the request for extradition of Colombian citizen **José Abad Heredia Prado**, made by the Government of the United States of America with regard to

DECISION NUMBER **337**                    OF

Page 5 of the Decision whereby a request for extradition is decided

*charges 1 and 2 contained in the Grand Jury charging document for the Court for the Eastern District of Virginia in case 1:12CR358...."*

7.    In view of the favorable opinion issued by the Criminal Cassation Court of the Honorable Supreme Court of Justice, and bearing in mind that pursuant to Article 501 of Law 906 of 2004 the National Government is free to act in accordance with national interests, the extradition of Colombian citizen **JOSÉ ABAD HEREDIA PRADO**, identified by National Identity Card No. 71,973,537, will be granted so that he may stand trial before the authorities of the United States of America for the following charges:

**Count One:** Conspiracy to distribute five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States; and

**Count Two:** Distributing five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States, and aiding and abetting that crime.

The foregoing charges are set forth in charging document No. 1:12-cr-358 issued on August 9, 2012, in the United States District Court for the Eastern District of Virginia.

8.    Pursuant to the information included in the file, it can be established that the requested citizen has a criminal record in Colombia. In fact, it is noted that he was sentenced on December 19, 2000, in case No. 1998-00012 NI 25647, by Criminal Court Forty-five for the Bogota Circuit, to forty-seven (47) years and two (2) months of prison for the crimes of aggravated homicide and illegal carrying of weapons. That decision was modified by the Bogota Superior Court, leaving the final sentence at twenty-six (26) years and ten (10) months of prison.

Bogota Sentencing Court Ten for Sentence and Security Measure Enforcement, through official letter No. 501 of November 20, 2013, reported that the requested person was in custody from August 14, 1997, to May 2, 2007, when Court Two for Sentence and Security Measure Enforcement in Acacias–Meta granted parole in the aforementioned case.

<u>Page 6 of the Decision whereby a request for extradition is decided</u>

The existence of the aforementioned conviction handed down in Colombia against citizen **HEREDIA PRADO** for crimes other than those motivating the request for extradition constitutes the scenario set forth in Article 504 of Law 906 of 2004, which grants the National Government the discretional authority to postpone the delivery or not.

In this case, the National Government, in view of the discretional authority established in the aforementioned rule to decide the time of delivery of the requested person, does not consider it justified to defer or postpone the delivery of Colombian citizen **HEREDIA PRADO** and on the contrary will order it to be carried out upon satisfaction of some conditions that will be established in this administrative decision.

9.     The National Government, in view of the provisions in the first paragraph of Article 494 of Law 906 of 2004, must require the Government of the United States of America not to try the requested citizen for any act previous to or different than the one that led to the request for extradition.

10.     The National Government will order the delivery of citizen **JOSÉ ABAD HEREDIA PRADO** with the commitment of the requesting State to satisfy the conditions established in the second paragraph of Article 494 of Law 906 of 2004, i.e., that the requested citizen not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishments, or to penalties of exile, life in prison, or confiscation, without it being necessary to mention the prohibition on imposing the death penalty, as this is not provided for the crimes that led to this request for extradition.

11.     The requested person has the right for the time he was in custody as a result of the extradition proceeding to be recognized by the requesting State, and to confirm that situation, he shall be able to request the respective certification from the Office of the Prosecutor General, as that is the competent agency for those purposes.

Notwithstanding his right, it is noted that, according to custom, the Department of International Affairs of the Office of the Prosecutor General forwards the certification regarding time in custody of citizens requested for extradition proceedings to the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs, in order for the respective Consul to be informed of that situation.

DECISION NUMBER **337**                OF

Page 7 of the Decision whereby a request for extradition is decided

Finally, the National Government, through the Ministry of Justice and Law, will submit a copy of this decision to the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs for the purposes indicated in Presidential Directive No. 07 of 2005 and that indicated by the Honorable Supreme Court of Justice in its opinion.

Based on the foregoing,

## HEREBY RESOLVES:

**ARTICLE ONE:** To grant the extradition of Colombian citizen **JOSÉ ABAD HEREDIA PRADO**, identified by National Identity Card No. 71,973,537, so that he may stand trial before the authorities of the United States of America for the following charges:

**Count One:** Conspiracy to distribute five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States; and

**Count Two:** Distributing five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States, and aiding and abetting that crime.

The foregoing charges are set forth in charging document No. 1:12-cr-358 issued on August 9, 2012, in the United States District Court for the Eastern District of Virginia.

**ARTICLE TWO:** Not to delay the delivery of this subject pursuant to that set out in the whereas clauses of this decision.

**ARTICLE THREE:** To order the delivery of citizen **JOSÉ ABAD HEREDIA PRADO** to the requesting State, with the commitment of said State to satisfy the conditions established in the second paragraph of Article 494 of Law 906 of 2004, i.e., that the requested person not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishments, or to the penalties of exile, life in prison, or confiscation.

**ARTICLE FOUR:** To notify the requesting State that the extradited person shall not be able to be tried or sentenced for an act previous to or different than the one that led to this extradition, pursuant to the first paragraph of Article 494 of Law 906 of 2004.

DECISION NUMBER **337**                    OF

<u>Page 8 of the Decision whereby a request for extradition is decided</u>

**ARTICLE FIVE:** To notify the interested party or his representative of this decision, making it known that a motion for reconsideration may be filed against it, which must be filed in writing during the proceedings or within the ten (10) days following service of notice, pursuant to Article 76 of the Code of Administrative Procedure.

**ARTICLE SIX:** Once this Decision has been declared final, to send a copy of the same to the Department of International Legal Affairs and the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs, and to Bogota Sentencing Court Ten for Sentence and Security Measure Enforcement, for their respective purposes.

**ARTICLE SEVEN:** This Decision is effective from the date it becomes final.

**Let it be published** in the Official Gazette, **served** on the requested citizen or his representative, and **communicated** to the Ministry of Foreign Affairs, Bogota Sentencing Court Ten for Sentence and Security Measure Enforcement, and the Office of the Prosecutor General. **So ordered.**

Issued in Bogota, D.C., on
DECEMBER 4, 2013
[signature]

THE MINISTER OF JUSTICE AND LAW

[signature]
ALFONSO GÓMEZ MÉNDEZ

## REPUBLIC OF COLOMBIA
[logo]
## MINISTRY OF JUSTICE AND LAW

### DECISION NUMBER 122 OF

### MAY 13, 2014

Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided

### THE PRESIDENT OF THE REPUBLIC OF COLOMBIA,
in exercise of the authority conferred upon him by Article 491 of Law 906 of 2004, pursuant to the provisions of Article 74 of Law 1437 of 2011, and

### WHEREAS:

1.      Through Executive Decision No. 337 of December 4, 2013, the National Government granted the extradition of Colombian citizen **JOSÉ ABAD HEREDIA PRADO,** identified by National Identity Card No. 71,973,537, so that he may stand trial before the authorities of the United States of America for the following charges:

**Count One:** Conspiracy to distribute five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States; and

**Count Two:** Distributing five or more kilograms of a controlled substance (cocaine), with the knowledge and intent that said substance would be imported to the United States, and aiding and abetting that crime.

The foregoing charges are set forth in charging document No. 1:12-cr-358 issued on August 9, 2012, in the United States District Court for the Eastern District of Virginia.

2.      Pursuant to Article 76 of Law 1437 of 2011, the foregoing decision was personally served on the requested person on February 27, 2014, and he was informed that he could file a motion for reconsideration within ten (10) days of the personal service of notice.

3.      Mr. **JOSÉ ABAD HEREDIA PRADO** filed a motion for reconsideration against Executive Decision No. 337 dated December 4, 2013, within the legal period, in a document submitted to the Legal Group of the "La Picota" Penitentiary and Jail on March 6, 2014, and filed on March 12, 2014.

DECISION NUMBER 122            OF

Page No. 2 of the Decision "Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided"

4.      The referenced motion is based on the following arguments:

The petitioner states that despite the establishment of the principle of constitutional supremacy in Article 4 of the Political Constitution, this provision is ignored in fulfillment of the judicial cooperation treaty with the United States of America, and that although Article 35 of the Constitution allows the extradition of nationals, this does not mean that the requesting State may ignore Colombian laws "*in order to set up false positives*" with the complicity of the national authorities.

He maintains that since in our extradition proceeding regulations only requirements of form are analyzed, the Criminal Cassation Court of the Supreme Court of Justice, for example, has held that the natural judges of people requested for extradition are the authorities of the requesting State, for which reason evidence is not heard in Colombia.

The petitioner indicates that in his case, despite the fact that the crime underlying the request for extradition began and ended in our country, it is appropriate to inform the National Government because it is a "*false positive*," as members of the National Police (DIJIN) and Drug Enforcement Administration (DEA) agents created a criminal enterprise, coerced people "*to set up a positive for extradition*" to increase the statistics in the fight against drug trafficking, without concern for the manner in which the evidence supporting the indictment was obtained. Therefore, with the deployment of undercover agents and people who sold eight kilograms of cocaine in the city of Villavicencio, they advanced an international drug trafficking operation and also created the belief that the alkaloid would reach New York. And not only was an extradition order falsified, but once "*the indictment was set up*" they kidnapped and extorted one of the accused, Mr. Hugo Sanes Saavedra.

He reports that several National Police officers have been arrested for these acts and that although the fight against organized crime requires cooperation between the countries that are victims of these scourges, that does not mean that one can ignore respect for human rights and compliance with the rules that govern the country, such as due process, which extends to all legal and administrative proceedings, as set forth in Article 29 of the Political Constitution.

He therefore feels that in his case, as established in exhibit D and in the Drug Enforcement Administration (DEA) agent's report that supports the accusation against him, an undercover operation was carried out in which communications interception activities were performed, as well as surveillance and following of people, all these acts are included

DECISION NUMBER **122**                          OF

Page No. 3 of the Decision "Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided"

in Articles 235, 239, and 242 of Law 906 of 2004, and they require monitoring for legality both before and after by a Due Process Judge. Therefore, for Mr. **JOSÉ ABAD HEREDIA PRADO**, in the extradition proceedings, situations that violate the constitutional law and the transparency that all legal proceedings must observe must not be ignored.

As a result, the petitioner finds it appropriate for the National Government to request as evidence the record from the Office of Special Prosecutor 4, National Anti-Kidnapping Unit, as well as the file held by the National Drug Enforcement and Maritime Interdiction Unit (UNAIM) for drug trafficking and obstruction of justice regarding the National Police officers. In addition, he finds it appropriate at this time to consider both the report submitted by the officer who knows how the activities that led to the Prosecutor's Office investigation were carried out, as well as the confession provided by one of the National Police members related to the referenced acts and which served to unleash the investigation in the extradition proceeding that arose against him.

Based on the foregoing, he asks the National Government to deny the extradition to the requesting State, to guarantee his basic rights and establish with certainty that constitutional law was not violated during the extradition proceeding.

5.      With regard to the arguments set forth in the motion, the National Government finds:

The content of the motion reveals that its purpose is to question the manner in which extradition is regulated in our legal system vis-à-vis the State requesting him and the legality of the proceedings carried out by the investigating authorities who participated in the procedure undertaken for his arrest for the purpose of extradition, undertaken without the participation of a due process judge, so he feels that the National Government, through the request for evidence submitted in his document, should guarantee his basic rights and determine whether constitutional law has been violated.

In view of the foregoing, it must first be noted that the motion for reconsideration in government decisions does not allow for entering into a study of the constitutionality of the rules that regulate extradition proceedings. The Political Constitution has established in its Article 4 that the Constitutional Court reviews the validity of the legal system with regard to the Constitution through complaints of unconstitutionality.

Page No. 4 of the Decision "Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided"

Thus, with regard to the interpretation that in our legal system is accomplished through Article 4 of the Constitution, the Constitutional Court has observed:

> "... The supremacy of the Political Constitution over the rest of the provisions of the national legal system is a structural principle of the legal order, the set of provisions that make up positive law is ordered in a system of regulations by virtue of the unity and coherence given them by the values, principles, and rules established in the Constitution..."

(...)

> "In this way, the Constitutional Court, by statutory mandate and jurisprudential specificity, has the power to examine the constitutionality of a challenged rule with regard to the entire superior legal system, and not only with regard to the specifically cited constitutional provision. Such jurisdiction must be understood to be of optional and not mandatory exercise, as arises from the case law of the Constitutional Court itself..."[1]

Based on the above, the articles of the Code of Criminal Procedure that regulate all the procedures of the extradition proceeding have been declared constitutional by the Constitutional Court in the following judgments on constitutionality, among others: C-543 of 1998; C-622 of 1999; C-740 of 2000, C-431 of 2001; C-1106 of 2000; and C-460 of 2008. Therefore, it is not appropriate for the legal and administrative authorities that participate in extradition proceedings to ignore the rules that regulate this mechanism of international cooperation.

Likewise, it is clear that these rules, having favorably passed the constitutionality study under the jurisdiction of the Constitutional Court, enjoy the conclusive presumption of and are adapted to the guidelines set by the Political Constitution regarding the protection of basic rights. In addition, the constitutionality judgments form legal precedent of a constitutional order, which is binding on the authorities and citizens, without exception. The Court has stated:

> "In summary, with regard to the compulsory nature and scope of the constitutional doctrine, the case law of this Court has clarified that this arises from the fact that the Constitution is the rule of rules, and the constitutional precedent set by the Constitutional Court as guardian of the supremacy of the Constitution has binding force not only for the interpretation of the Constitution but also for the interpretation of the laws that must obviously conform to the Constitution... (Judgment C-539/11)...."

---

[1] Constitutional Court. Judgment C-415 of 2012. Judge MAURICIO GONZÁLEZ CUERVO writing for the court.

Page No. 5 of the Decision "Whereby the motion for reconsideration filed against Executive
Decision No. 337 of December 4, 2013, is decided"

Likewise, faced with the petitioner's statement that our legal system gives greater primacy to the
judicial cooperation treaty with the United States of America than to the Political Constitution,
the National Government finds it necessary to point out that currently there is no extradition
treaty with the United States of America, so pursuant to Articles 35 of the Political Constitution
and 490 of the Code of Criminal Procedure, extradition with that country is handled through
domestic regulations, that is, according to the Code of Criminal Procedure.

Regarding the petitioner's statement that his request for extradition is supported by illegally
obtained evidence, it should be noted that pursuant to the nature of extradition and the rules that
regulate its processing in our legal system, it is not appropriate for national authorities
participating in each of its levels to enter into analysis of the legality or illegality of the evidence
that supports requests for extradition filed by requesting States.

As can be observed, the taking of evidence for the extradition proceeding, based on Article 500
of Law 906 of 2004, bears no relationship to the examination of evidence, or its filing, and less
still to the illegality of the evidence submitted in the charging document of the State that has
requested him to appear before its authorities for the crime of which he is accused.

The National Government finds that in the case of Mr. **HEREDIA PRADO** his charging
document shows as documentary evidence the "Sworn Statement supporting the extradition"
filed by the Prosecutor in the case who states under oath that "... *the United States will prove its
case against the accused using several types of evidence, including evidence from legal
telephone conversation interceptions, documentary evidence such as seizure records for the
shipments sent by the accused to the United States from Colombia, and the testimony of
witnesses...*"[2]

It is also observed that in the sworn statement of the U.S. Drug Enforcement Administration
(DEA) Special Agent reference is repeatedly made to the fact that the interceptions were carried
out with judicial authorization, "... *Several meetings and telephone calls between the CS and the
members of the DTO were legally recorded; in them the CS negotiated the purchase of the
organization's cocaine...*"[3]

Nevertheless, although it is true that the above evidence would imply that the actions of the
authorities who participated in this case were in accord with the Political Constitution and the
law, it is found that the disagreement that the

---

[2] Notebook 2, page 115. Extradition of José Abad Heredia Prado.
[3] Notebook 1, pages 144, 147. José Abad Heredia Prado extradition proceeding.

Page No. 6 of the Decision "Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided"

petitioner may have regarding the validity of that evidence is a matter apart from the extradition proceeding, as in its practical sense there is no judicial task in which it must be determined which evidence is legal and which should be excluded. It is not appropriate for the National Government or any other authority in the extradition proceeding to issue an opinion on the validity of the charging document or of the evidence provided by the requesting State, as extradition is only an international cooperation mechanism that allows the requested person to appear before the foreign judicial authorities that requested him in order to respond to the charges against him, thus furthering the criminal trial being pursued there.

Then, in the criminal trial being carried out in the foreign country, the requested person can challenge the evidence and the charges against him, since the judicial assessment of his conduct and of the evidence against him, as well as the degree of his participation, correspond solely and exclusively to the judicial authorities of the requesting country. In addition, the trial must be carried out pursuant to the requesting country's laws.

In this regard the Supreme Court of Justice has held:

> ... *"Furthermore, it is not appropriate for the Court in this judicial and administrative procedure to question the legality of the evidence on which the extradition request is based, as this is prohibited by legal provision and, in any case, the discussion of evidence brought forth by the lawyer is called upon to be provided before the authorities to whom the requested person must respond..."*

> ... *"The representative confuses the nature of this proceeding, as, on one hand, it is not appropriate to here issue any opinion on the manner in which the evidence is composed in the foreign country and, on the other, he disregards the fact that the proceeding performed before this Court is not a judicial proceeding in which—as he requests—evidence can be excluded as if it were a pre-trial hearing..."[4]*

Likewise, regarding this matter the Constitutional Court has stated that:

> *"4.5. In view of the foregoing, it is clear that **in extradition proceedings the Criminal Court of the Supreme Court does not evaluate evidence regarding the existence of the act and its circumstances, or try the requested person;** nor does it question the decisions issued by the foreign authority and it only has jurisdiction to verify the fulfillment of the requirements to grant the extradition, pursuant to the applicable international treaty or, in its absence, domestic law, adhering to the higher requirement (cf. Arts. 12, 34, and 35 of the Constitution) and supplementary regulations.*

---

[4] Supreme Court of Justice, March 9, 2011. Case No. 33947. Javier Marin Arboleda extradition.

Page No. 7 of the Decision "Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided"

> *"The grounds and the subsequent controversy regarding the judicial decision of the foreign authority, based on which the extradition is requested, have their natural venue in the respective courts, i.e., within the corresponding criminal case pursued in the requesting State and not before Colombian judicial authorities, who must cooperate, along with the Executive Branch, in order that location in a country other than where the crime was committed does not become a means to evade justice, which must remain internationally allied and diligent in the fight against crime."[5]* (Highlighting added)

Based on the foregoing, it is not appropriate for the Due Process Judge to participate in these proceedings, as this would disregard the sovereignty of the requesting State, as well as affect the autonomy and independence of the foreign authorities in the decisions it corresponds to them to adopt.

Furthermore, regarding Mr. **HEREDIA PRADO**'s assertion that there is a "false positive" in his case with the participation of the authorities of the requesting State and the national authorities, it is noted that if the petitioner feels that the national authorities who participated in the investigation have committed criminal acts, it is his duty to report them to the competent authorities or present the evidence he feels can prove his statements. Also in regard to the possible irregularities of the foreign authorities, should his defense find it appropriate, he will be able to present the evidence he deems pertinent before the authorities of the requesting State to demonstrate the anomalies referred to in the motion being considered by the National Government.

In addition, any citizen who will be extradited has the right to request consular assistance in order to protect his basic rights and guarantees so that they are not lost due to his status as an extradited person. In that regard, the requests that are considered relevant may be brought before the Consulates, which will provide the assistance necessary to the co-nationals that are detained abroad, within the framework of the Vienna Convention on Consular Relations of 1963.

For that purpose, the Ministry of Justice and Law shall issue a true copy of Executive Decision No. 337 of December 4, 2013, as well as of this administrative decision, to the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs, in order for the respective Consul to be able to provide appropriate assistance should the requested person ask for it.

---

[5] CONSTITUTIONAL COURT. Judgment C-460 of May 14, 2008. Judge Nilson Pinilla Pinilla writing for the court.

DECISION NUMBER **122**               OF

Page No. 8 of the Decision "Whereby the motion for reconsideration filed against Executive Decision No. 337 of December 4, 2013, is decided"

This being the case, pursuant to the foregoing and considering that the motion did not provide new evidence that would cause the National Government to change the decision being challenged, it is appropriate to confirm Executive Decision No. 337 of December 4, 2013, in all its parts.

Based on the foregoing,

## HEREBY RESOLVES:

**ARTICLE ONE:** To confirm Executive Decision No. 337 of December 4, 2013, whereby the extradition of Colombian citizen **JOSÉ ABAD HEREDIA PRADO** was granted, pursuant to that indicated in the whereas clauses of this decision.

**ARTICLE TWO:** To order notice of this decision to be served on the requested person or his representative, informing him that there is no recourse against it.

**ARTICLE THREE:** To order a copy of this administrative decision to be sent to the Department of International Legal Affairs and to the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs, to Bogota Sentencing Court Ten for Sentence and Security Measure Enforcement, and to the Office of the Prosecutor General, for their respective purposes.

**ARTICLE FOUR:** This Decision is effective from the date notice of it is served.

**Let it be published** in the Official Gazette, **served** on the requested citizen or his representative, the Ministry of Foreign Affairs, and the Office of the Prosecutor General. **So ordered.**

Issued in Bogota, D.C., on
MAY 13, 2014
[signature]


THE MINISTER OF JUSTICE AND LAW

[signature]
ALFONSO GÓMEZ MÉNDEZ

[logo]                      **REPUBLIC OF COLOMBIA**
                       **MINISTRY OF FOREIGN AFFAIRS**

**DIAJI No. 2092**

The Ministry of Foreign Affairs, Department of International Legal Affairs, presents its compliments to the Honorable Embassy of the United States of America and forwards a copy of Note DGI 20141700065581, dated October 3, 2014, from the Department of International Affairs of the Office of the Prosecutor General, which includes a photocopy of the delivery document for the extradited person, Mr. **JOSÉ ABAD HEREDIA PRADO**, and states the following:

"[...] *who was in custody from June 21, 2013, date of arrest for the purpose of extradition, to September 23, 2014, date of delivery to the United States authorities.*

[...]"

The foregoing information is provided so that the time served in Colombia may be taken into account in the case that is being pursued in the United States of America.

The Ministry of Foreign Affairs, Department of International Legal Affairs, takes this opportunity to assure the Honorable Embassy of the United States of America of its highest esteem and consideration.

Bogota, D.C., October 14, 2014
[signature]

[stamp:]

TO THE HONORABLE
**EMBASSY OF THE UNITED
STATES OF AMERICA**
In this city

| Received on |
| **16 OCT. 2014** |
| Copy to [illegible] |
| Copy to [illegible] |

| Page 1 of 1 | PROCEDURE: EXTRADITION OF PERSONS | [logo] REPUBLIC OF COLOMBIA NATIONAL POLICE GOD AND COUNTRY NATIONAL POLICE |
|---|---|---|
| Code: 2IJ-FR-0002 | | |
| Date: 12/10/2012 | DELIVERY DOCUMENT FOR PERSON SUBJECT TO EXTRADITION | |
| Version: 0 | | |

In Bogota, Capital District, on September twenty-third (23), two thousand fourteen (2014), at *[illegible]*, **JOSÉ ABAD HEREDIA PRADO**, identified by national identity card number 71,793,537 of Turbo, Antioquia, was delivered to DEA Special Agent **MICHELE DYER**, commissioned by the Embassy of the United States of America to receive and transfer him pursuant to the letter dated September fifteenth (15), two thousand fourteen (2014), sent by the Embassy of the United States, authorized by official letter number DGI 20141700060041 dated September 11, 2014, issued by the Office of the Prosecutor General and signed by Mr. **FRANCISCO JAVIER ECHEVERRI LARA**, Director of International Affairs, which makes the extradition of the aforementioned citizen to the United States of America known pursuant to Executive Decision No. 122 of May 13, 2014; the extradited person must appear before the District Court for the Eastern District of Virginia.

Official receiving the person subject to extradition:

[illegible stamp:]

[signature]
**MICHELE DYER**
**DEA Special Agent**

Delivering officials:

[signature]
**BG. JORGE ENRIQUE RODRÍGUEZ PERALTA**
Criminal Investigation and INTERPOL Director

[signature]
**MAJ. DIANA EMILCE BARÓN PUENTES**
International Investigations Group Chief, NCB



THUMB PRINT                           INDEX PRINT
**RIGHT HAND OF THE EXTRADITED PERSON**

Prepared by: Officer Juan Carlos Velásquez Santiago
Reviewed by: Maj. Diana Emilce Barón Puentes [initials]
Date prepared: 09/[illegible]/2014
File: Extradition Proceedings/Delivery Document 2014

Av. El Dorado No. 75-25, Bogota, D.C.
Tel.: 4266900 ext. 104029
interpol.invest@policia.gov.co
www.policia.gov.co

| [logo] [illegible] [illegible] No [illegible] | [logo] ISO 9001 Icontec [illegible] No SC [illegible] – 4 | [logo] [illegible] IQNET [illegible] No CO – SC [illegible] – 4 | [logo] [illegible] [illegible] | [logo] IBERO-AMERICAN QUALITY AWARD FUNDIBEQ 2011 [illegible] |
|---|---|---|---|---|

**CONFIDENTIAL**

# CERTIFICATE OF TRANSLATION

I, <u>Heather Oland</u>, certify that I am competent to translate these documents, and that the translation is true and accurate, to the best of my abilities. Archival stamps have been translated here.

English Title:
DIAJI No.1381 – Extradition approved – English translation
DIAJI No. 2092 – Time served and delivery – English translation

Title:
DIAJI No.1381 – Extradition approved
DIAJI No. 2092 – Time served and delivery

I certify under penalty of perjury, pursuant to 28 U.S.C. 1746, that the attached translation is true and correct.

Executed this $\underline{3^{rd}}$ day of November 20<u>14</u>.

Signature